242 Cal.App.2d 811 (1966)
Estate of LOUISE AMELIA GOULART, Deceased. UNITED CALIFORNIA BANK, as Administrator, With the Will Annexed, etc., Petitioner and Appellant,
v.
ALAN CRANSTON, as State Controller, etc., Objector and Respondent.
Civ. No. 23177. 
California Court of Appeals. First Dist., Div. Three. 
June 15, 1966.
 Broun, Norris, King, Graaskamp & Lancefield and LeRoy Broun for Appellant.
 Charles J. Barry, Milton D. Harris, and Newell C. Barnett for Respondent.
 DRAPER, P. J.
 The relationship of the heirs at law to the adoptive father of decedent entitled them to succeed to decedent's estate. Our question is whether the same collateral adoptive relationship necessarily requires that they be treated, for inheritance tax purposes, as relatives.
 [1a] Decedent came to California from the Azores early in the present century to live with Mr. and Mrs. Jose P. Amaral. By the time of the 1951 amendment which permitted adoption of adults (Civ. Code, 227p), Mrs. Amaral had died, but decedent was formally adopted by Mr. Amaral. He died in *813 1953, and his will left his estate to her. Decedent died in 1960. Her estate, which she had received from her adoptive father, was devised in equal shares to a natural brother and two natural sisters in the Azores. One sister and the brother predeceased her, but left lineal descendants. On the prior appeal (Estate of Goulart, 222 Cal.App.2d 808 [35 Cal.Rptr. 465]), we held that the deceased brother and sister of decedent were not "kindred" within the meaning of the anti-lapse statute Probate Code, section 92, and that the devises to the predeceased siblings failed. Thus decedent died intestate as to two-thirds of her estate and, under the laws of succession, this share went to a sister of the adoptive father and to the descendants of his deceased brother and sister.
 The order fixing inheritance tax classified the adoptive aunt and cousins as Class D transferees, i.e., strangers (Rev. & Tax. Code, 13310). The adoptive relatives appeal, contending that their relationship to the adoptive father entitled them, as aunt and cousins of decedent, to be deemed Class C transferees (Rev. & Tax. Code, 13309), thus gaining added exemptions and lesser tax rates. (The natural sister who survived decedent and thus took under the will was held to be a Class B transferee [ 13308].)
 [2] Appellants argue that by statute (Prob. Code, 257) the adoptive family is substituted for the natural relatives "for all purposes." But the section in fact provides that the adopted child shall be deemed a descendant of the adopting parent "for all purposes of succession." The importance of the quoted qualification is emphasized in a recent decision (Estate of Zook, 62 Cal.2d 492 [42 Cal.Rptr. 597, 399 P.2d 53]), which establishes that our codes show no legislative intent to effect "total correlation between probate law and taxation law. (P. 494.) [3] While some degree of parallel interpretation is necessary, the social objectives served by the adoption statutes may warrant differing treatment in the two fields in the light of the circumstances of the particular case."
 Although Zook deals with an attempted exclusion from preferential tax treatment of a grandchild who had been adopted by a stranger to the grandparent testatrix' blood, its reasoning is readily applicable to the right of adoptive collateral relatives to inclusion in a preferred tax class.
 [4] Under the inheritance tax act, a Class C transferee is (a) "the brother or sister of the father or mother of the decedent," or (b) "the descendant of [such] a brother or sister" (Rev. & Tax. Code, 13309). There is no provision specifically *814 extending this language to brothers or sisters of an adoptive parent. Appellants, however, point to the amendment (Stats. 1959, ch. 1628, 2, p. 4000) providing that "For the purposes of this section, 'descendant' includes ... a child adopted." Literally, however, this language can apply only to subdivision (b), which includes in Class C a "descendant of a brother or sister" of the parent. It does not specifically extend to siblings of the adoptive parent or to their descendants.
 The Legislature has tended to recognize an adoptee as a lineal descendant for tax purposes, but has not, in its tax enactments, embraced the "total substitution" theory of Probate Code section 257 in preference to the "parental substitution" view previously followed in California (see 18 Stan.L.Rev. 494, at pp. 495-499).
 [1b] The facts here show no social consideration, either general or rooted in the personal relationship of decedent and appellants, to warrant extension of the literal language of the tax act. Decedent's will mentions only her blood relatives, and evinces neither affection nor consideration for the collateral relatives of her adoptive father. There is no evidence that she even knew these distant persons, and some reason to infer that she had never met them. Moreover, decedent was thoroughly adult (74) when adopted. Obviously, as made clear by her will, her adoptive family was not the only one she had known, as is so often true of a child who is the subject of placement adoption as an infant (see 18 Stan.L.Rev., supra, 494, 505). The code specifically prescribes different tax treatment, in inheritance from the adoptive parent, of one adopted as an adult and one adopted during minority (Rev. & Tax Code, 13307), and the distinction is approved by the Supreme Court (Estate of Zook, supra, at p. 495).
 Under the circumstances here present, the collateral relatives of the father of one who was adopted as an adult are not to be deemed Class C transferees.
 The order fixing inheritance tax is affirmed.
 Salsman, J., and Devine, J., concurred.